```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

MARSTON J. HAWKINS and
SARA WALKER HAWKINS,

    Plaintiffs,

v.                            Case No. 8:14-cv-02810-T-33AEP

CITIMORTGAGE, INC.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Citimortgage, Inc.'s Motion to Dismiss or Alternative Motion to Stay Litigation and Incorporated Memorandum of Law filed on December 5, 2014. (Doc. # 13). Plaintiffs, Marston J. Hawkins and Sara Walker Hawkins (the Hawkinses), filed a response in opposition to the Motion on December 19, 2014. (Doc. # 14). Upon due consideration, and for the reasons stated below, the Motion is granted and denied in part.

**I.   Background**

On November 10, 2014, this action was removed to this Court from the Circuit Court of the Sixth Judicial Circuit. (Doc. # 1). On the same day, the Complaint against Citimortgage, Inc. was filed. (Doc. # 2). On November 24, 2014, Citimortgage filed a motion for extension of time to

respond to the Complaint with this Court. (Doc. # 8). This Court granted Citimortgage's motion and gave Citimortgage leave until December 5, 2014 to respond to the Complaint. (Doc. # 9). Thereafter, on December 5, 2014, Citimortgage filed the present Motion to Dismiss or Alternative Motion to Stay Litigation and Incorporated Memorandum of Law, which is ripe for this Court's review. (Doc. # 13).

**II.  Legal Standard**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

2

>     raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. Analysis

Citimortgage argues that "the claims in the Complaint are not plausible, lack foundation in the law, and should be dismissed. The case should also be dismissed or alternatively stayed to permit pre-suit mediation as required by the parties' contract." (Doc. # 13). It is Citimortgage's position that in addition to the Complaint being deficient, it is also premature "because the Hawkins failed to satisfy the presuit mediation requirement in the contract." (Id. at 2). According to Citimortgage, "the contract expressly states that the parties must attempt to resolve disputes through mediation. Litigation is only permitted if the disputes are not resolved through mediation. Disputes not settled pursuant to Paragraph 16 may be resolved by instituting an action in the appropriate court having jurisdiction of the matter." (Id.).

3

Citimortgage contends that "where the parties' agreement requires mediation as a condition precedent to arbitration or litigation, the complaint must be dismissed." (Id. at 5); 3-J Hospitality, LLC v. Big Time Design, Inc., 2009 WL 3586830, Co. 09-61077-CIV (S.D. Fla. Oct. 27, 2009); see Kemiron Atlantic, Inc. v. Aguakem Intern., Inc., 290 F.3d 1287 (11th Cir. 2002)(dismissing case for failure to comply with contractual mediation requirement). According to Citimortgage, the Hawkinses have not and cannot allege that mediation has occurred, and therefore this litigation is premature warranting dismissal. (Id. at 6).

Alternatively, Citimortgage states that this Court has broad discretion to stay the case and require the parties to negotiate and mediate in good faith. (Id.). Citimortgage contends that "[the Hawkinses] should be required to attend mediation and work to amicably resolve this matter before any further litigation is permitted." (Id. at 7).

The Hawkinses respond that they "do not oppose the Motion insofar as it requests a stay of this litigation pending the Mediation currently scheduled in this case to be conducted on January 30, 2015." (Doc. # 14). The Hawkinses state that they "agree[] to the Court's staying of this matter until mediation can be conducted. Should the Court grant the Request for Stay,

4

the parties could quite possibly resolve this dispute at mediation and, in the event the mediation is unsuccessful, the mediation requirement found in the contract would be satisfied." (Id.).

The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). The requested stay of the case pending fulfillment of the presuit mediation requirement is in the best interest of both parties to this case. In the interest of justice and fairness, a stay is appropriate. As stated in Chudasama, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, under the circumstances of this case, the Court determines that it is appropriate to grant the requested relief of staying this action. 123 F.3d at 1366. The parties shall attend the January 30, 2015, mediation. By the end of the day on January 30, 2015, the parties shall notify this Court of the outcome of mediation. If this case is not resolved, Citimortgage has leave from this Court to file a new Motion to Dismiss the Complaint as the Court declined to address the merits of the Motion at this time and the Hawkinses will be required to respond. Furthermore, if the case proceeds, the January 30, 2015, mediation will not satisfy the mediation requirement of

this Court and the parties will be required to attend a second mediation. Therefore, upon due consideration, the Motion to Dismiss is denied without prejudice and the Alternative Motion to stay is granted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Citimortgage, Inc.'s Motion to Dismiss or Alternative Motion to Stay Litigation and Incorporated Memorandum of Law (Doc. # 13) is **GRANTED IN PART AND DENIED IN PART** as detailed herein.

(2) This action is stayed until **January 30, 2015**, at which time a status report is due from the parties regarding the outcome of mediation.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record